**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6887**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BEVERLY ALLEN BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:11-cr-00237-D-1)

Submitted:  November 26, 2019                    Decided:  December 5, 2019

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Beverly Allen Baker, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beverly Baker appeals the district court's denial of her motion to reinstate her direct appeal. We must first decide whether the district court had jurisdiction to rule on Baker's motion. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Di Biase v. SPX Corp.*, 872 F.3d 224, 232 (4th Cir. 2017). While Baker claimed that she filed this motion under Fed. R. Civ. P. 60(b), we must examine the substance of the motion to ascertain whether it sought relief under Rule 60(b) or actually amounted to a successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). If the motion attacks the "integrity" of the proceedings, it is a Rule 60(b) motion. *Id.* at 532. If it attacks the "resolution of a claim *on the merits*," however, it is a § 2255 motion. *Id.*

We conclude that Baker's motion to reinstate her direct appeal was tantamount to a § 2255 motion, as it directly attacked the conclusions of Baker's previous § 2255 proceedings. Accordingly, because Baker had previously filed a § 2255 motion and had not received leave to file another one, the district court lacked jurisdiction to rule on Baker's motion. *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015). We therefore vacate the district court's denial of the motion to reinstate and remand with instructions to dismiss for want of jurisdiction. *See United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003).

Additionally, we construe Baker's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *See id.* Baker's claims do not satisfy the criteria in 28 U.S.C. § 2255(h) for obtaining authorization to file a successive § 2255 motion. Therefore, we deny authorization to file a successive § 2255 motion.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*